**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Glen C Hawkins,

Plaintiff,

v.

Dee Ann Maxwell, et al.,

Defendants.

No. CV-24-08044-PCT-JAT

**ORDER**

Before the Court is Plaintiff Glen C. Hawkins's Motion for Costs. (Doc. 75). He requests an award totalling of $71,750.00 to compensate the cost of the Court's filing fee and litigation assistance from a third party. Because Plaintiff is not eligible to recover costs for the third-party assistance under the applicable statute, and since he has not adequately established his incurrence of those costs, the Court will only partially grant the Motion. A smaller award of $350.00, the cost of the filing fee, is proper.

**I. PROCEDURAL BACKGROUND**

Plaintiff, an inmate at the Navajo County Jail, sued Defendant Maxwell, a former nurse at that facility, under 42 U.S.C. § 1983. (Doc. 73 at 3). He alleged that his Fourteenth Amendment right to bodily integrity was violated by Defendant's inappropriate conduct. (*Id*. at 2-3). The Court eventually granted default judgment against Defendant and awarded Plaintiff nominal damages of $1.00 and punitive damages of $2,000.00. (*Id*. at 16). Within 14 days of the Court's decision, Plaintiff filed his Motion for Costs. (Doc. 75); *see* Fed. R. Civ. P. 54; Local Rule Civil 54.2(b)(2).

That Motion listed two expenses Plaintiff incurred while litigating his case. The first was the Court's filing fee of $350.00. (Doc. 75 at 6); *see* (Doc. 8). Plaintiff also requests $71,400.00 for third-party assistance provided by one Samantha Powers. (Doc. 75 at 3-5). He represents that Ms. Powers helped him with certain litigation-related tasks, including research, document preparation, and clerical work. (*Id*. at 4-5). According to the Motion, Ms. Powers charged $85.00 an hour and worked for 1.5 hours a day, 5 days a week, for a period of two years and four months. (*Id*. at 4). How that schedule added up to the 840 total hours claimed is a mystery to the Court that is not solved by Plaintiff's filings.[1]

## II. ANALYSIS

The Court may award Plaintiff, the prevailing party in this case, costs unrelated to attorney fees. Fed. R. Civ. Pro. 54(d)(1). And, under 42 U.S.C. § 1988(b), the Court, "in its discretion, may allow the prevailing party . . . a reasonable attorney's fee" in certain civil rights actions. It is through this statute that Plaintiff argues that he should recover the costs for Ms. Powers's work on his case. (Doc. 75 at 1).

The Supreme Court has ruled that costs a party incurred for paralegal services are recoverable under Section 1988. *Missouri v. Jenkins*, 491 U.S. 274, 284-89 (1989). That holding was extended by the Ninth Circuit Court of Appeals to pro se prevailing parties since such parties would be "entitled to the same reimbursement for costs that an attorney representing him would have received." *Burt v. Hennessey*, 929 F.2d 457, 458-59 (9th Cir. 1991). Plaintiff would have the Court follow that precedent and award him costs for Ms. Powers's assistance "to the extent that they are reasonable and that he actually incurred them." *Id*. at 459. But two problems preclude that desired outcome.

First, intervening Supreme Court caselaw has abrogated the Ninth Circuit's holding. *See United States v. Lindsey*, 634 F.3d 541, 550 (9th Cir. 2011) (reasoning that lower courts must take cues from the Supreme Court, even in light of past precedents). Soon after the

[1] The Court's calculation reflects that there were 583 business days, excluding holidays, in the period that Ms. Powers allegedly worked. That would mean that Ms. Powers would have worked for 874.5 hours for $74,332.50, not the 840 hours for $71,400 sought. Where these missing hours went is not explained by either the Motion, or the Affidavit in support thereof, which repeated the information already provided. *See generally* (Docs. 75, 76).

Ninth Circuit issued *Burt*, the Supreme Court decided that, as Section 1988 protects "the interest in obtaining independent counsel for victims of civil rights violations," a pro se attorney could not recover costs for his work on his case. *Kay v. Ehrler*, 499 U.S. 432, 435, 437-38 (1991); *Rickley v. County of Los Angeles*, 654 F.3d 950, 953-54 (9th Cir. 2011).

Because the labor of paralegals and legal secretaries contribute to a final product, the Supreme Court has held that their work is included within an attorney fee. *Jenkins*, 491 U.S. at 285 ("[T]he "reasonable attorney's fee" provided for by statute should compensate the work of paralegals, as well as that of attorneys."); *Grove v. Wells Fargo Fin. California, Inc.*, 606 F.3d 577, 581 (9th Cir.2010). The prohibition against an award of pro se attorney fees under Section 1988 therefore applies with equal force with regard to services rendered by paralegals and legal secretaries.

Although this reasoning has not yet been explicitly adopted by the Ninth Circuit, it is mainstream among other circuit courts. *See, e.g.*, *Robertson v. Biby*, 719 Fed. App'x 802, 805 (10th Cir. 2017); *Krecioch v. United States*, 316 F.3d 684, 687-88 (7th Cir. 2003). And this Court and other district courts within this circuit have decided that paralegal services are not recoverable for a pro se party, notwithstanding *Burt*'s contrary holding. *See, e.g.*, *Roy v. Pioneer Hum. Res., Inc.*, NO: 2:20-CV-235-RMP, 2022 WL 1184489, at *1 (E.D. Wash. Apr. 21, 2022); *MacDonald v. Chaney*, No. CV 04–1001–PHX–SMM (VAM), 2007 WL 274313, at *2 (D. Ariz. Jan. 29, 2007). So, because the Supreme Court's decision in *Kay* negated the Ninth Circuit's reasoning in *Burt*, *see Lindsey*, 634 F.3d at 550, the Court declines to grant Plaintiff's motion insofar as it requests redress for Ms. Powers's work.

But even if *Burt*'s holding somehow survived, the Court's decision would stay the same. This is because Plaintiff's request for costs relating to Ms. Powers's services is bereft of any detail, aside from the correct assessment that the reported work was comparable to work that could be completed by a paralegal or secretary. Most concerning is that the Court has no evidence, aside from Plaintiff's own assertions, of any agreement between Plaintiff and Ms. Powers for her labor.

Because the Court is unable to determine important information about the nature of

Ms. Powers's assistance (for example, an hourly rate and a catalog of time spent on the case), the Court is unable to determine the reasonableness of Plaintiff's request. *See Vargas v. Howell*, 949 F.3d 1188, 1195 (9th Cir. 2020); Local Rule Civil 54.2(c)-(d) (listing the content and documentation needed to supplement a motion for costs). In other words, the inadequacies of Plaintiff's Motion serve as an independent and sufficient reason to deny redress of any costs related to Ms. Powers's work on the case.

Still, not all is lost. Plaintiff also moved the Court to recover the cost of the Court's filing fee of $350.00. (Doc. 75 at 6). Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The Court, in its discretion, will grant Plaintiff's Motion with regard the filing fee in this matter.[2]

## III. CONCLUSION

Section 1988's primary goal is to "enable potential plaintiffs to obtain the assistance of competent counsel in vindicating their rights." Here, Plaintiff chose to proceed pro se and is therefore ineligible for an award of attorney fees, which would include paralegal or secretarial expenses. His Motion for such fees, moreover, failed to adequately outline the nature of his expenses. As a result, all that remains of the Motion is Plaintiff's request for recovery of the Court's filing fee.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Expenses (Doc. 75) is granted in part in the amount of $350.00.

Dated this 21st day of October, 2026.

James A. Teilborg
Senior United States District Judge

[2] As of the date of this Order, Plaintiff has paid $216.20 of the Court's filing fee, which is recoverable as a cost. When Defendant pays the costs awarded in this Order, Plaintiff must pay any remaining outstanding balance to the Court immediately upon receipt of the funds.